IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD A. HAASE AND AUDREY L. HAASE, | § § § § |
| Plaintiffs, | § § |
| v. | § § CIVIL ACTION NO. 4:12-cv-01538 |
| COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., DEUTSCHE BANK, AG, MORGAN STANLEY ABS CAPITAL I, INC., BARRETT, DAFLIN, FRAPPIER, TURNER AND ENGEL, L.L.P., and ANGELO MOZILO | § § § § § § § § § § |
| Defendants | § |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**

Defendant and Counter-plaintiff Deutsche Bank National Trust Company , as Trustee on behalf of Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 ("Deutsche") moves for summary judgment on it counterclaim against Richard A. Haase and Audrey L. Haase ("Plaintiffs") for an order allowing non-judicial foreclosure pursuant to Texas Rule of Civil Procedure 735.

**I. BASIS FOR MOTION**

1. Deutsche Bank as Trustee is entitled to judgment as a matter of law on its counterclaim because:

- **Deutsche is owner and holder of a promissory note repayment of which is secured by lien created on Plaintiffs' homestead pursuant to Texas. Const. art. XVI, section 50(a)(6);**

- **Plaintiffs have defaulted under the terms of the promissory note and security instrument;**

405964.1

- **Plaintiffs were sent notice of default with the opportunity to cure and notice of acceleration pursuant to the terms of the promissory note and security instrument; and**

- **Plaintiffs have failed to cure the default or to tender payment of the amounts due under the promissory note.**

## II. INTRODUCTION

2. Deutsche is the owner and holder of the promissory note and lien which have been the subject of this legal action. Plaintiffs are in default under the terms of those instruments and Deutsche is entitled to foreclosure of its lien upon Plaintiffs' real property.

3. This dispute began when the Plaintiffs allowed their homeowners' insurance to lapse on their residence. During the lapse, Countrywide Home Loans, Inc. ("Countrywide") as mortgage servicer, pursuant to the terms of the Plaintiffs' loan, placed insurance on the home. Plaintiffs failed to meet their obligations to make payments under the terms of the Note and challenged Countrywide's actions in placing the insurance and increasing the amount of the monthly payment due on the loan as a result.

4. On September 22, 2011, the Court granted summary judgment in favor of Countrywide as to the claims asserted by Plaintiff and denied Plaintiffs' motion for summary judgment.

## III. STANDARD OF REVIEW

1. Federal Rule of Civil Procedure 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.[1]

2. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes

---

[1] FED. R. CIV. P. 56.

demonstrate the absence of a genuine issue of material fact.[2] The movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial.[3] Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.[4] The non-moving party must set forth specific facts showing the existence of a genuine issue for trial.[5]

### IV.  UNDISPUTED FACTS

5. On or about June 5, 2006, Plaintiffs executed a Texas Home Equity Note (the "Note") in the principal amount of $173,600.00 payable to New Century Mortgage ("New Century).[6] On that same date, Plaintiffs executed a Texas Home Equity Security Instrument (First Lien) (the "Security Instrument") (together the Note and Security Instrument will be referred to as the "Loan").[7] Under the Security Instrument, Plaintiffs granted a lien in favor of the holder of the Note on real property located at 4402 Ringrose Dr., Missouri City, Texas 77459, further described as:

> Lot 1, in Block 1 of Final Plat of Plantation Creek, Section 2-A, A Subdivision in Fort Bend County, Texas, according to the Map or Plat thereof recorded under Slide(s) 1140/B of the Plat Records of Fort Bend County Texas.  (the "Property").[8]

6. In 2007, Plaintiffs failed to maintain property insurance as required by the Loan and failed to make payments as required under the terms of the Note.[9] On December 3, 2007, Plaintiffs were sent written notice of default and notice that payment of the entire amount of the

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[3] *Id.* at 323-24.

[4] *Id.* at 324-25.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

[6] Plts.' Eighth Am. Pet., ¶ 1; Aff. of Karen Finnegan, Ex. A-1.
[7] Aff. of Karen Finnegan, Ex. A-2.
[8] *Id.*
[9] Aff. of Karen Finnegan, Ex. A-1.

indebtedness would be accelerated if the default was not cured.[10] Mr. Haase does not dispute receiving notice of default in December 2007.[11]

7. Plaintiffs failed to cure the default, and, on May 5, 2008, Notice of Acceleration of the maturity date of the Note was sent to Plaintiffs by Countrywide on behalf of Deutsche.[12]

8. The Note is endorsed in blank by New Century, and Bank of America as mortgage servicer for Deutsche is in possession of the original Note.[13] The Note bears the endorsement:

Pay to the order of, without recourse

_____

New Century Mortgage Corporation

By:__/s/_____

Steve Nagy

V.P. Records Management.[14]

9. On June 16, 2008, assignment of the Note and Security Instrument to Deutsche was filed in the real property records of Fort Bend County, Texas.[15]

---

[10] Aff. of Karen Finnegan, Ex. A-4.

[11] Depo. of Richard Haase, p. 88:15-21, attached hereto as Ex. B.

[12] *Id*.; *see also* Supp. of Home Equity Application Seeking Foreclosure Order Concerning Richard Haase and Audrey Haase and 4402 Ringrose Drive, Missouri City, Texas 77459 executed by Kimberly Dawson on May 8, 2008, attached as Ex. C. Service of the notices required prior to foreclosure under the Texas Property Code is complete upon deposit of the notice in the U.S. Mail. TEX. PROP. CODE ANN. § 51.002(e) (Vernon 2010). Proof of receipt of the notice is not required. *Id.* The affidavit of a "person knowledgeable of the facts to the effect that service was completed" by deposit into the U.S. mail is prima facie evidence of service. *Id.*

[13] Aff. of Karen Finnegan, Ex. A.

[14] Aff. of Karen Finnegan, Ex. A-1.

[15] Aff. of Karen Finnegan, Ex. A. Actual transfer of the Loan to Deutsche occurred in 2006 upon creation of the Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 with Deutsche serving as trustee. *Id.* The Security Instrument specifically identifies the holder of the Note as the beneficiary of the Security Instrument. Aff. of Karen Finnegan, Ex. A-2. *See Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10cv89, 2012 WL 844396 (E.D. Tex. Mar. 12, 2012) (attached as Ex. D). Therefore, no formal assignment of the Security Instrument to the holder of the Note is required to transfer the lien. As is frequently the case, the Assignment of Note and Deed of Trust to be filed in the real property records was executed at a later date prior to the initiation of foreclosure and was filed in the real property records of Fort Bend County on June 16, 2008. *See, e.g., Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987 (W.D. Tex. Apr. 26, 2011) (attached as Ex. E).

10. Plaintiffs have not tendered the amounts due under the Note.[16] Mr. Haase also admits that no payment has been made on the Note since October 2007.[17]

11. As a result of Plaintiffs' default and the acceleration of the debt, there remains a balance under the Note.[18] The Plaintiffs have failed to pay or otherwise tender the balance of the debt.[19]

## V. ARGUMENTS & AUTHORITIES

12. Pursuant to Texas Rule of Civil Procedure 735, a party may seek an order allowing it proceed with non-judicial foreclosure of a lien created under article XVI, section 50(a)(6) of the Texas Constitution. The elements necessary to establish a right to foreclosure of a home equity lien are: (1) the existence of a debt; (2) that the debt is secured by a lien created under article XVI, section 50(a)(6) of the Texas Constitution; (3) a default under the security instrument exists; and, (4) notice to cure the default and accelerate the maturity of the debt have been given as provided in the security instrument.[20]

13. A promissory note is a negotiable instrument governed by Article Three of the Uniform Commercial Code.[21] Section 3.205(b) of the Texas Business and Commerce Code provides:

> If an endorsement is made by the holder of an instrument and it is not a special endorsement [payable to an identified person], it is a 'blank endorsement.' *When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.*[22]

---

[16] Aff. of Karen Finnegan, Ex. A.
[17] Depo. of Richard Haase, pp. 79:23 – 80: 6, Ex. F.
[18] Aff. of Karen Finnegan, Ex. A.
[19] *Id.*
[20] *See* Tex. R. Civ. P. 736.
[21] TEX. BUS. & COMM. CODE ANN. § 3.104(a) (Vernon 2010).
[22] TEX. BUS. COMM. CODE ANN. § 3.205(b) (Vernon 2010) (emphasis added).

In this instance, the Note bears a "blank endorsement" as defined by section 3.205(b).[23] "Under Texas law, because the note bears a blank endorsement, physical possession of the original Note establishes ownership and the right to collect."[24] Deutsche Bank as Trustee has physical possession of the Note and therefore is the payee of the debt represented by the Note. The lien securing Plaintiffs' debt follows the Note.[25] "An assignment of debt carries with it all liens and every remedy or security that is incidental to the subject matter of the assignment . . . ."[26] A mortgage of property is an incident of the debt, and, as long as that debt exists, the lien will follow that debt.[27] In order to establish a right to right to enforce a promissory note and the associated lien under Texas law, the holder of the note is not required to produce the original note.[28] An affidavit authenticating a copy of the note is sufficient summary judgment evidence.[29]

14.     Although a formal assignment of the Security Instrument is not necessary to establish the right of the holder of the Note to foreclose on the lien, an assignment of the Security Instrument to Deutsche from New Century was filed in the real property records of Fort Bend County, Texas.  This recorded assignment (independent of possession of the Note endorsed in blank) also establishes that Deutsche is the mortgagee entitled to foreclosure upon the lien created by the Security Instrument.[30] The assignment of the Security Interest gives Deutsche the

---

[23] *Id.* at § 1.201(21).
[24] *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 2606359, at *4 (S.D.Tex. June 30, 2011) (citing *In re Eads*, 417 B.R. 728, 748 (E.D. Tex. 2009) ("Texas courts have followed this rule in cases in which a mortgage… on real estate was said to 'follow' the promissory note it secured")) (citing cases) (attached as Ex. G); s*ee also Robeson v. Mortg. Elec. Registration Syss., Inc.* 2012 WL 42965, at *4 (Tex. App.—Fort Worth Jan. 5, 2012). The Security Instrument also specifically states that the holder of the Note is the beneficiary of the Security Instrument. Aff. of Karen Finnegan, Ex. A-2.
[25] *Kiggundu*, 2011 WL 2606359, at *4.
[26] *In re Eads*, 417 B.R. at 748; s*ee West v. First Baptist Church*, 71 S.W.3d 1090, 1099 (Tex. 1934) (finding that when the holder became the holder of the notes, she became holder of the deed of trust which was executed to secure them).
[27] *Id.* (citing cases); *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).
[28] *Edwards*, 2012 WL 844396, at *5 (citing cases).
[29] Life Ins. Co. of Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 381 (Tex. 1978).
[30] TEX. PROP. CODE ANN. § 51.0001(4) (Vernon 2010).

rights of the lender and beneficiary under the Security Instrument including the right to invoke the power of sale.[31]

15. Plaintiffs defaulted under the terms of the Note and Security instrument in November 2007 and did not cure that default. The Security Instrument provides that the Lender must give notice to the Plaintiffs prior to acceleration of the debt proving an opportunity for Plaintiffs to cure the default.[32] Such a notice was sent to Plaintiffs on December 3, 2007. Subsequently, notice of acceleration was sent to Plaintiffs on May 5, 2008. Plaintiffs have failed to cure the default or reinstate the debt pursuant to the terms of the Note and Security Instrument.

16. The summary judgment evidence clearly establishes that:

   a. Plaintiffs executed a Note and Security Instrument which created a lien under Texas. Const. art. XVI section 50(a)(6);

   b. Plaintiffs have admittedly defaulted on their obligations under the terms of the Note and Security Instrument;

   c. Deutsche is the owner and holder of the Note and assignee of the Security Instrument; and

   d. Plaintiffs were sent notice of default with the opportunity to cure and notice of acceleration of the debt in conformance with the requirements of the Security Instrument.

## VI. REQUEST FOR RELIEF

17. The requisites to foreclosure of the lien having been met, Deutsche Bank as Trustee is entitled to an order entitling it to proceed with non-judicial foreclosure of the lien created by the Security Instrument upon the Property.

WHEREFORE, Defendant and Counter-plaintiff Deutsche Bank National Trust Company, as Trustee on behalf of Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 prays that the Court enter judgment in its favor on its counterclaim against Plaintiffs Richard A. Haase and Audrey L. Haase authorizing

---

[31] *Edwards*, 2012 WL 844396, at *5; *Robeson*, 2012 WL 42965, at *6.

judicial foreclosure of the Property, enter an order of sale directing that the sheriff or constable of Fort Bend County, Texas seize and sell the Property in satisfaction of the lien established herein in order to satisfy the debt owed by Plaintiffs, and for such other relief the Court deems just.

Respectfully submitted,

**McGlinchey Stafford, PLLC**

By: _/s/ Jeffrey R. Seewald_
**JEFFREY R. SEEWALD**
State Bar No. 17986640
Federal ID No. 28500
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile:  (713) 520-1025
Email: jseewald@mcglinchey.com

**ATTORNEYS FOR DEFENDANTS BANK OF AMERICA, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee on behalf of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6**

**CERTIFICATE OF SERVICE**

On May 18, 2012, I certify that I served a copy of the foregoing to the following parties of record in accordance with Federal Rule of Civil Procedure 5:

**Via Certified Mail/RRR #7196-9008-9111-5319-5546**
Richard and Audrey Haase
4402 Ringrose Dr.
Missouri City, Texas 77459-2963
Pro se Plaintiffs

_/s/ Jeffrey R. Seewald_
Jeffrey R. Seewald

---

[32] Security Instrument, ¶ 21, Ex. A-2.

405964.1 000553.0516                    Page 8